HYDRAULIC PRESS BRICK COMPANY, APPELLEE, V. DOUGLAS COUNTY, APPELLANT.

HYDRAULIC PRESS BRICK COMPANY, APPELLANT, V. SARPY COUNTY, APPELLEE.

FILED JANUARY 7, 1914.  NOS. 17,287, 17,288.

Taxation: PERSONAL PROPERTY OF CORPORATION: LOCATION.  Where a foreign corporation had its principal place of business in the city of Omaha, in the county of Douglas, but owned clay-beds and a brickyard in the county of Sarpy, where it was engaged in the manufacture of brick, and the county of Sarpy levied a tax against the personal property of the corporation in Douglas county for the year 1910, which was paid by the corporation for the year 1910, and the county of Douglas also levied a tax against the same property for the same year, which was paid by the corporation, it is *held*, that the levy of the tax by Sarpy county upon personal property in Douglas county was illegal, and that a judgment sus-

taining the levy of such tax should be reversed; also *held,* that a judgment of the district court for Douglas county overruling the right of Douglas county to levy a tax upon the property in that county should be reversed.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed with directions.*

APPEAL from the district court for Sarpy county: HARVEY D. TRAVIS, JUDGE. *Reversed with directions.*

*George A. Magney* and *Charles Haafke,* for Douglas county.

*James T. Begley,* for Sarpy county.

*Isaac E. Congdon,* for Hydraulic Press Brick Company.

HAMER, J.

The following cases were consolidated for hearing: *Hydraulic Press Brick Company v. Douglas County,* No. 17,287; *Hydraulic Press Brick Company v. Sarpy County,* No. 17,288. The facts in each case may be separately stated, but the facts in each case were before the court as alleged in each petition. Judge Travis, of Sarpy county, and Judge Kennedy, of Douglas county, sat together when the cases were argued. Judge Travis had jurisdiction in Sarpy county, and it is of the judgment rendered by him as judge of the district court in No. 17,- 288 that the appellant in that case complains. It is the judgment of Judge Kennedy that is complained of in the *Douglas County* case. Sarpy county taxed certain property of the Hydraulic Press Brick Company which was permanently situated in that county, and it also taxed certain personal property of the same company which was permanently situated in Douglas county. The thing to be determined in the *Sarpy County* case is, what property was properly taxable in that county. If personal property properly taxed in Sarpy county was wrongfully taxed in Douglas county, that is the separate wrong of Douglas county. The first thing to be determined is

whether Sarpy county could follow the personal property of the company into Douglas county, where it was to be found, and tax it.

The articles of incorporation of the company provide that the principal place of business of the corporation is in Douglas county. Separate petitions by the brick company were filed in the district court for each county. The judges sat together and agreed on the law, and the judgment rendered in each case was along the line of their agreement as to what the law was applicable to that case. In the *Sarpy County* case it was alleged that the brick company was a corporation under the laws of Missouri transacting business in Nebraska, and that it had complied with the laws of Nebraska concerning the transaction of business within that state by a foreign corporation; that it was engaged in the manufacture and sale of brick; that it owned an extensive manufacturing plant and clay-beds in the county of Sarpy, and also clay-beds in other counties in the state; that in connection with its manufacturing plant in the county of Sarpy it possessed machinery, tools and other personal property belonging to the equipment of a brick manufacturing plant; that in connection with its clay-beds in the county of Sarpy it possessed tools and other equipment necessary in the removal of clay; that it possessed similar tools in other counties in Nebraska other than Sarpy; that its principal office for the transaction of its business was in the city of Omaha, county of Douglas, and state of Nebraska, where it kept its books of account; that it deposited its funds in a bank or banks in the city of Omaha; that it maintained no other general office, or any office whatever, for the transaction of its commercial business in the state other than its Omaha office; that it had complied with the laws of the state of Nebraska with reference to the appointment of an agent within the state upon whom for it process might be served and notice given, and that within the state it had named an agent and given his residence as in the city of Omaha, and that it had named its principal place of business as in said city; that it maintained

no manufacturing plant in the county of Douglas, and owned no real property in said county; that it had paid its taxes to the county treasurers of the various counties in which its real property was situated, and that it had paid its yearly taxes upon its personal property to the treasurers where that property was situated; that it had returned to the assessor of the county of Sarpy its personal property situated in said county pertaining to its brick manufacturing plant; that it had also made a return to the assessor of the county of Douglas of its personal property in that county, consisting of a safe, a typewriting machine, office furniture, book accounts, money on hand or on deposit with banks, all of the value of $15,175; that such returns had been made for the year 1910; that the county of Douglas for the year 1910 taxed the personal property actually situated in Douglas county, and that the brick company paid the taxes so levied; that, without the knowledge or consent of the company, the taxing authorities of Sarpy county added to the return made by the company of its personal property in Sarpy county the personal property above enumerated which was situated in the county of Douglas, and levied a tax in Sarpy county upon the personal property enumerated and then situated in Douglas county, the total being $280.42; that prior to the first day of November, 1910, the brick company paid to the county treasurer of said Sarpy county the total tax of $280.42, accompanying the same with a written protest, and taking from the county treasurer of said Sarpy county a receipt; that the protest runs to the county of Sarpy and to its county treasurer, and recites that it pays all demands of the county of Sarpy on account of personal taxes levied by that county for the year 1910, being the sum of $280.42, and which payment of taxes is against the will of the company and is paid under protest; that the company has complied with the laws of Nebraska pertaining to the doing of business in Nebraska by a foreign corporation, and that its principal place of business is in Omaha, Douglas county, Nebraska, and that under its articles of incorporation it has

the power to maintain principal places of business in other states than Missouri, and that it has named Omaha as its principal place of business in Nebraska; that its Nebraska residence is Omaha, where it maintains its office in the Bee building, and where are kept all of its books of account and a safe and typewriting machine and office furniture; that its ready money on hand is kept in a bank in Omaha; that upon demand of the county assessor of Douglas county it had made a return of its property in Omaha, Douglas county, for the year 1910 to the assessor of that county, filling out the schedule furnished by it by the assessor thereof, and returning all personal property held in Douglas county; that none of the property described as in Douglas county had ever been located in Sarpy county; that such property was not liable to taxation in Sarpy county; that it had always paid all taxes levied against its property, whether real or personal, and that it was willing to pay all taxes that might be lawfully levied upon any of its personal property for the year 1910, situated in the county of Sarpy; that, while it made a return to the county assessor of Sarpy county of its personal property in Sarpy county, that county without its knowledge or consent had added to the return the personal property which the company owned in Douglas county, and that the county of Sarpy had taxed the personal property of the company in Douglas county, as also the property in Sarpy county; that included in the total amount of taxes, $280.42, was the tax which Sarpy county had levied against the personal property of the company situated in Douglas county; that Douglas county had levied a tax for the year 1910 upon the personal property of the company situated in Douglas county, and amounting to $66.77, and that the company had paid the same, although the levy of the same was invalid; that, through the fact that both Douglas and Sarpy counties had assessed and levied taxes upon the personal property of the company in Douglas county, the company had been compelled to pay taxes twice upon the same property in the same year.

The petition further alleged that in less than 30 days after making said payment to the county treasurer of said county of Sarpy under protest, as set forth, the company had filed its verified claim with the county clerk of said county of Sarpy, demanding from said county and its board of commissioners that the proportion of said total tax of $280.42, which was levied against the personal property of the company situated in said county of Douglas, be ascertained and refunded to the company, setting forth in said claim a copy of said written protest, and appending thereto the receipt given to the company at the time of the payment by it under protest of said total tax of $280.42; also, that the board of county commissioners of said county of Sarpy duly took said claim under consideration, and rejected the same on the ground that the brick company is a manufacturing corporation, and that the laws of the state of Nebraska compelled a listing and taxing of all property in the state of a manufacturing corporation in the county where the manufactory is situated, and that the manufactory of the brick company in the state of Nebraska is situated in said county of Sarpy; that within the time required by law the company filed with the county clerk of said county of Sarpy its notice of appeal, accompanying the same with the bond required by law, which was duly approved; that the county clerk of said county of Sarpy had transcripted all of the proceedings had before the board of county commissioners, and had filed the same in the office of the clerk of the district court.

There was a prayer that the court ascertain the proportion and amount of said total tax of $280.42 levied upon the personal property of the company situated in Douglas county, and that the county of Sarpy be ordered to refund to the company said proportion and amount, and that the company have judgment in the amount of said proportion against said county of Sarpy, together with costs. To this petition Sarpy county filed a general demurrer. The court sustained the demurrer, and the petition was dismissed.

From the judgment of dismissal, this appeal is prosecuted by the brick company.

In the Douglas County case it is in the petition alleged: That the plaintiff corporation is organized under the laws of Missouri, but is qualified to transact business in Nebraska, having complied with all the laws concerning the transaction of business within the state by a foreign corporation; that it is engaged in the state in the manufacture and sale of brick and kindred commodities, and has an extensive manufacturing plant and clay-beds in the county of Sarpy; that it has clay-beds in other counties of the state than Sarpy, and that in connection with its manufacturing plant in the county of Sarpy it possesses machinery, tools and other personal property constituting the equipment for a brick manufacturing plant in that county, and that in connection with its clay-beds in the county of Sarpy it possesses tools and other equipment necessary in the removal of clay, as also in connection with its clay-beds in other counties than Sarpy, and possesses tools and equipment necessary to the removal of clay; that its principal office for the transaction of its business, and in which it transacts its business, is in the city of Omaha and county of Douglas, where it maintains and permanently keeps its office and books of account; that it deposits its funds in a bank or banks in the city of Omaha in said county of Douglas; *that it maintains no other general office, or any office whatever, for the transaction of its commercial business in the state of Nebraska other than its general office in the city of Omaha and county of Douglas;* that it has complied with the laws of the state with reference to the appointment of an agent within the state upon whom process may be served for it and notice given; that with reference to its principal place of business within the state it has named an agent and has given his residence as in the city of Omaha in said Douglas county; that it is claimed its principal place of business is in the said city of Omaha; that, although conducting all its commercial business in and from its office in Omaha, it has and maintains no manufacturing

plant in said county of Douglas, and does not own any real property therein; that, ever since the plaintiff has been in business in the state of Nebraska and has owned property therein, it has yearly paid taxes upon its real property to the treasurers of the various counties in the state in which its real property is situated; that it has yearly paid taxes upon its personal property to the treasurers of the various counties in which its personal property is situated; that for each year, and particularly for the year 1910, it has made the returns required by law to the assessors of the various counties; that among said returns is one to the assessor of the said county of Sarpy in the state of Nebraska of its personal property situated in the said county of Sarpy pertaining to its brick manufacturing plant situated in said county; that there is also one to the assessor of the county of Douglas in the state of Nebraska of its personal property situated in said county of Douglas, consisting of one safe and office furniture and all book accounts and money on hand or on deposit with banks of the actual value of $15,175; that the county of Douglas taxed for the year 1910 the personal property actually situated in Douglas county above enumerated in the sum of $66.77; that the county of Sarpy taxed for the year 1910 the personal property actually situated in Sarpy county which was returned to Sarpy county by the plaintiff and also taxed the personal property of the company actually situated in Douglas county in the sum of $280.42, and which tax the company paid to Sarpy county; that on the 29th day of November, 1910, the company paid to the county treasurer of Douglas county the full amount of the tax levied by Douglas county upon the property returned in the company's schedule to Douglas county, the sum of $66.77, protesting against the payment thereof in writing delivered to the treasurer of said Douglas county at the time of payment; that said protest reads so as to show that it is directed to the county of Douglas and the county treasurer thereof; that with the delivery of the notice it pays to the county of Douglas all its demands on account

of personal taxes levied by said county against it for the
year 1910, in the sum of $66.77, but that this payment is
made against the will of the said Hydraulic Press Brick
Company    and    under    protest;    that    the    Hydraulic
Press    Brick    Company    is    a    corporation    organized
under    the    laws    of    Missouri,    and    foreign    to    the
state    of    Nebraska,    and    has    fully    complied    with
the laws of Nebraska pertaining to the doing in Ne-
braska of business by a foreign corporation; that as re-
quired by the laws of Nebraska it has in its certificate
filed with the seceretary of state named its principal
place of business at Omaha, Douglas county; that in its
articles of incorporation it has the power to maintain
principal places of business in other states than Missouri,
and has named Omaha, in Douglas county, as its prin-
cipal place of business in Nebraska; that its Nebraska
residence is in Omaha, Douglas county, and its Nebraska
office is in the Bee building in Omaha, in Douglas county;
that in its office in Omaha are kept all its books of account,
and that it keeps in its office in Omaha a safe and type-
writing machine and its furniture; that its ready moneys
on hand are kept in the bank in Omaha; that upon the de-
mand of the county assessor of Douglas county said com-
pany made a return of its property in Omaha, Douglas
county, for the year 1910, to the assessor of Douglas
county, filling out, in harmony with the law, the schedule
furnished it by said assessor, returning one safe at the
valuation of $50, one typewriting machine at the valuation
of $35, all book accounts at the valuation of $12,000,
money on hand or deposit with banks at the valuation of
$3,000, and office fixtures, furniture and equipment of the
valuation of $90, the total value of the property returned
to the assessor of Douglas county for the year 1910 to be
$15,175; that said company is engaged in the manufacture
of brick in Sarpy county, where it has a brick manufac-
turing plant consisting of real and personal property,
such as brick, horses, wagons, tools, etc.; that it returned
to the county assessor of Sarpy county for and during
the year 1910 all of its personal property actually situ-

ated in Sarpy county, and Sarpy county levied taxes thereon, but that Sarpy county has added to the schedule which the company returned to Sarpy county for the year 1910 *the return of the company. to the assessor of Douglas county for the year* 1910, and has taxed the property of the company, hereinbefore described, for the year 1910, which has been taxed by Douglas county for the year 1910, claiming that by virtue of section 44 of the Nebraska revenue act (Comp. St. 1909, ch. 77 art. I) the property of the company in Douglas county is taxable *only* in Sarpy county, said section being as follows: "The property of banks or bankers, or other companies, and merchants, except as hereinafter specifically provided, shall be listed and taxed in the county, township, precinct, city, village and school district where the business is done; and of manufacturers and mines in county, township, precinct, city, village and school districts where the manufactory or mine is located;" that the Hydraulic Press Brick Company has no manufactory and manufactures nothing in Douglas county; that the Hydraulic Press Brick Company has paid the tax to Sarpy county for the year 1910 which Sarpy county levied for the year 1910 upon the above described property actually situated in Douglas county; that if Sarpy county is right in its contention that, through the fact that the Hydraulic Press Brick Company is a manufacturing company and has a manufactory in Sarpy county, it has the right and power to tax the personal property of the company situated in Douglas county, then the tax of Douglas county for the year 1910 in the sum of $66.77 upon the personal property of the company situated in Douglas county is invalid, and for the reason that the property upon which the tax was levied was not liable to taxation in and by Douglas county; that, through the fact that both Douglas and Sarpy counties have assessed and levied taxes upon and against the personal property of the company actually situated in Douglas county, the company has been compelled to pay, and has paid, taxes twice upon the same property for the same year; that the company asks that

Douglas county refund to the company the sum of $66.77 now paid to the county as and for personal taxes upon its property actually situated in Douglas county for the year 1910, all of said property having been assessed and taxed by Sarpy county, and the company having paid to Sarpy county the taxes thereon. Said protest was dated November 29, 1910, and was signed "Hydraulic Press Brick Company, by Andrew J. Hazleton, Manager."

It was further set up in the said petition in the *Douglas County* case that, in less than 30 days after making said payment to the county treasurer of said county of Douglas under said protest, the Hydraulic Press Brick Company filed its verified claim with the county clerk of said county of Douglas, demanding from said county and its board of commissioners, that the amount of said tax in the sum of $66.77 which was levied upon and against the personal property of the company situated in said county of Douglas be refunded to the company, setting forth in said claim a copy of said written protest, and appending thereto the receipt given to the company at the time of the payment of the said sum of $66.77 under protest; that the board of county commissioners of said Douglas county took said claim under consideration, and rejected the same on the ground that the property of the company shown in its schedule returned to the county of Douglas was actually situated in the county of Douglas, and that the provision of law set forth in said protest by virtue of which the county of. Sarpy taxed as in Sarpy county the property actually situated in Douglas county was inapplicable and without avail; that within the time required by law the Hydraulic Press Brick Company filed with the county clerk of said county of Douglas its notice of appeal, accompanying the same with the bond required by law, which was duly approved; that the county clerk of said county of Douglas has transcripted all of the proceedings had before and by the board of county commissioners of said county of Douglas in the matter, and has filed the same in the office of the clerk of the district court; and that

reference is made to said transcript as though it were fully set forth. To the petition in the *Douglas County* case there was attached a prayer that the county of Douglas be ordered to refund to the company the said sum of $66.77 paid by said company as said taxes, and that said company have judgment in said amount, together with the interest and costs.

Douglas county filed a general demurrer to the said petition on July 21, 1911, and on that day the district court for Douglas county entered its judgment, in which it found that the said demurrer ought to be overruled. The county of Douglas then elected to stand upon its demurrer, and refused to plead further. Thereupon the court found that there was due to the appellant from the appellee the sum of $66.77, with interest at the rate of 7 per cent. per annum from the 29th day of November, 1910. It was thereupon adjudged and decreed that the demurrer of the appellee to the petition of the plaintiff be overruled, and that the plaintiff company recover from the county of Douglas $69.75, with interest from the date of the judgment, and the costs of suit.

In the brief of the brick company it is said that the decisions of the district courts for Douglas and Sarpy counties, respectively, were on the whole satisfactory, but that the brick company, being advised that Douglas county would appeal to the supreme court from the judgment entered against it by the Douglas county district court, was compelled to appeal to the supreme court from the judgment entered by the Sarpy county district court.

The company sets up that it is willing to pay taxes upon all of its property in the state, but does not deem it right that it should be compelled to pay two or more different counties a tax on the same property each year.

Section 29 of the general revenue act of 1903 (laws, 1903, ch. 73; Comp. St. 1911, ch. 77, art. I) provides: "Personal property, except such as is required in this chapter to be listed and assessed otherwise, shall be listed and assessed in the county, precinct, township, city, village, and school district where the *owner resides*, except that

property having a local situs, like grain elevators, lumber yards, or any established business, shall be listed and assessed at the place of such situs. The capital stock and franchise of corporations and persons, except as otherwise provided, shall be listed and taxed in the county, precinct, township, city or village, and school district where the principal office or place of business of such corporation or person is located within this state. If there be no principal office or place of business in this state, then at the place in this state where any such corporation or person transacts business."

Section 44 provides: "The property of banks or bankers, or other companies, and merchants, except as hereinafter specifically provided, shall be listed and taxed in the county, township, precinct, city, village and school district *where the business is done;* and of manufacturers and mines in county, township, precinct, city, village and school districts where the manufactory or mine is located."

The plaintiff corporation is organized under the laws of the state of Missouri, but it is shown to have complied with the laws of Nebraska pertaining to the doing, in Nebraska, of business by a foreign corporation. In its certificate filed with the secretary of state of the state of Nebraska it has named its principal place of business and office as at Omaha, in said Douglas county, Nebraska. It seems to have provided in its articles of incorporation that it has the power to maintain principal places of business in other states than Missouri, and it names Omaha, in Douglas county, Nebraska, as its principal place of business in Nebraska. It must be considered that its Nebraska residence is in Omaha, in Douglas county, Nebraska, where it maintains its office in the Bee building of that city. That is certainly the home office. It appears from the brief that the plaintiff company not only owns clay-beds in the county of Sarpy suitable to the manufacture of brick, but it owns clay-beds in other counties, among them Cass county. The clay is taken from Cass county and sent to Sarpy county to be there manufactured into brick. The company alleges that it contemplates the erec-

tion of a brick manufacturing establishment in Cass county. It is claimed that while the company maintains its principal place of business in the state of Nebraska at Omaha, in Douglas county, it is desirous of maintaining brick-making establishments in other counties where it owns clay-beds suitable for the purpose of making brick. It seems to have been within the contemplation of the company that it would own clay-beds and brick-yards in other counties, but that the principal place of business was intended to be, and would be, in Omaha, in Douglas county, and the articles of incorporation so provide. If the principal place of business of the plaintiff is in the city of Omaha, then there is where the owner resides, under section 29 above quoted. The maintenance of a brick-yard is an established business, and the place where such business is carried on may well be considered the place of its situs. A brick-yard may need to send part of the brick which it manufactures to the city, but the transient customer may stop at the brick-yard and buy a wagon-load of brick, or any lesser or greater quantity, and to the extent of that transaction the business is an established business right there where the brick are manufactured. Under the first clause of the second section above cited the property is to be listed *where the business is done.* In this case that would be at Omaha, were it not for the subsequent clause relating to manufactories and mines. This clause provides that the property shall be listed and taxed "where the manufactory or mine is located." As the principal place of business is in Omaha, of course the manufactory is operated from Omaha. The brief of counsel for the plaintiff suggests that there is one principal place of business of the company, in Omaha, Douglas county, but that the company owns clay-beds in other counties where it desires to establish manufactories or brick-yards. We are unable to see anything in the clause referred to which prevents the state from establishing the business at the place that shall be selected by the directors of the company. They can manufacture and sell brick where they like.

It would seem that taxes are imposed because the property or person within the jurisdiction of the body imposing the tax has received, or will receive, the benefit of the protection afforded by such body. Property within the county of Douglas would in times of danger receive the police protection of Douglas county, and such other protection as might incidentally come to it from the fact that it is within Douglas county. Property that is within Sarpy county is protected because it is in Sarpy county. It is entitled to such protection as Sarpy county may give it. Suppose we apply this to the brick-yard already in existence, and that we contemplate applying it to those hereafter to be created. The land containing the clay-beds in Sarpy county from which the brick are manufactured is properly taxable in Sarpy county. It is there to be taxed, and under our system it would seem that there is no place else to tax it. After the clay has been manufactured into brick and is standing on the ground, the brick receive protection from such powers of the government of Sarpy county as may be exercised in the way of such protection. The land of the company containing the clay-beds is taxable as land in Cass county. When the clay has been manufactured into brick and the brick have been piled up in the brick-yard in Cass county, then the proper thing would be for the brick to be taxable in Cass county. If it shall be admitted that the principal place of business of the company is in Douglas county, is there any reason therefore why Douglas county should be entitled to levy taxes on the brick that are in Sarpy county? Douglas county would not be protecting those brick from being hauled away by thieves. The jurisdiction of Douglas county would not go down into Sarpy county for the protection of the brick-yard simply because the principal place of business is in Douglas county. If such a yard should be established in Cass county, Douglas county would furnish no protection to the brick-yard existing there.

In this connection it is proper to consider section 10970, Ann. St. 1911. That statute is made specially applicable

to a company incorporated under and by authority of another state, and which does business in this state. It therefore applies to the corporation in question because that is organized under the laws of the state of Missouri. "Every company incorporated by the authority of any other state or government, and doing business in this state shall, by its duly authorized agent or manager, make out and deliver to the assessor of any county, or precinct, in which the corporation owns property, a statement under oath, giving the name of the corporation, the nature of the business in which it is engaged, the name of the state or government under which it was incorporated, a description of all the real and personal property owned by said corporation in said county and the value thereof, together with the true value of its franchise in such county. Such statement shall also contain the amount of gross earnings of such corporation from its business within the state, and the expenses incurred in transacting the same." Under the provisions of the above section it seems that all foreign corporations are required to make out and deliver to the assessor of each county a description of all the real estate and personal property owned by said corporation in said county and the value thereof. Under this provision the Hydraulic Press Brick Company made out its schedule of the property which it owned in Douglas county, and the same was assessed and taxed therein. The said company also made out its schedule of property as required by this section and delivered the same to the assessor of Sarpy county. Under the section it would seem that *each county* is entitled to collect taxes upon the property therein which belongs to the brick company. It is argued that the lower courts did not have in mind the above provision of the statute.

Section 10943, Ann. St. 1911, provides, in substance, that the property of banks or bankers, or other companies, shall be listed and taxed in the particular county, township, precinct, city, village and school district where the business is done, and manufactories and mines where they are located. That section was aimed to provide the method

of listing and taxing the property of a foreign corporation. In any event, it is intended to be applicable to companies organized and doing business in the state. The reason of the imposition of a tax seems to make this provision applicable to the property of all domestic corporations. But in this case we are considering the method of listing and taxing the property of a foreign corporation. Under section 10970, above quoted, it was clearly the duty of the brick company to list its property in Sarpy county with the assessor of that county. The purpose of listing the property would be that it should pay taxes in that county where its property received its protection. Under the same section the brick company would be in duty bound to return and list its property to the assessor in Douglas county so that the same might be assessed and taxed in that county. This seems to solve the problem. The brick company had certain property in Douglas county which it returned for taxation, and that property was taxed and the company paid the tax. Sarpy county undertook to retax that same property in Douglas county. It was not authorized to do that. There is no section of the law which permits it and it is directly in conflict with the provisions contained in section 10970. It follows that the levy and collection of the tax in Douglas county was authorized by law, and that the levy and collection of the tax in Sarpy county on property of the company contained in Douglas county was illegal and wholly unauthorized. Because Sarpy county has added to the schedule which the company returned to it for the year 1910 the return of the company to the assessor of Douglas county for the year 1910, and has taxed the property of the company for the year 1910 which had been taxed by Douglas county, therefore the judgment of the district court for Sarpy county holding the levy and collection of the tax against property in Douglas county to be valid should be reversed. It also follows that Judge Kennedy should not have overruled the general demurrer interposed on behalf of Douglas county by the county at-

torney of that county, as the property in Douglas county was properly taxable there.

The judgment of the district court for Sarpy county is reversed, and the judgment of the district court for Douglas county is reversed, with directions to each court to proceed in accordance with this opinion.

REVERSED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.